IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCHTEL L. DAVIS,

           Plaintiff,

    v.

ARAMAR FOOD SERVICE and
MULTNOMAH COUNTY SHERIFF,

           Defendants.

Case No. 3:24-cv-01751-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, now incarcerated at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983 pertaining to an incident that occurred at the Multnomah County Inverness Jail. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff alleges that, on an unspecified date, an unspecified individual at the Multnomah County Inverness Jail served him a food tray containing a metal contaminant. He characterizes

1 - ORDER TO DISMISS

this as a violation of his Fourth, Fifth, Seventh, and Fourteenth Amendment rights. His Second Amended Complaint does not contain a prayer for relief.

## STANDARDS

The Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

The Court liberally construes his Complaint to raise an Eighth Amendment conditions of confinement claim. The Eighth Amendment requires jail and prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In order to establish an Eighth Amendment violation, a prisoner must make an objective showing that he was deprived of something "sufficiently serious" that implicates the "minimal civilized measure of life's necessities." *Id.; Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In doing so, a plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). While Plaintiff alleges that he was served with a meal tray containing a metallic object, he fails to allege how either named Defendant was personally involved in the incident he describes.

In addition, Plaintiff impliedly alleges that someone carelessly allowed metal to enter his food or served him with a meal tray that contained a foreign object. However, deliberate indifference is a more severe standard than carelessness or negligence. *Farmer*, 511 U.S. at 835. Moreover, in the context of the adequacy of food in a custodial setting, the Eighth Amendment does not require that food be aesthetically pleasing or even that it be free from foreign objects on occasion. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). For these reasons, Plaintiff's Second Amended Complaint is summarily dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Second Amended Complaint (#11) is DISMISSED for failure to state a claim.

Should Plaintiff wish to continue with this case, he must file a third amended complaint within 30 days that: (1) cures the deficiencies with his prior Complaint; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk of Court is directed to send Plaintiff a civil rights form for his use.

IT IS SO ORDERED.

 March 31, 2025 
    DATE

Michael H. Simon
United States District Judge

4 - ORDER TO DISMISS